UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
IRA HIRSCH,                                               :    12-CV-3454 (ARR)(RML)
:
                Plaintiff,                      :    <u>NOT FOR ELECTRONIC</u>
:    <u>OR PRINT PUBLICATION</u>
   -against-                                         :
:    <u>ORDER</u>
ANI MANAGEMENT GROUP, INC.,              :
:
                Defendant.                   :
------------------------------------------------------------------- X

ROSS, United States District Judge:

      The court has received the Report and Recommendation on the instant case dated May 30, 2013, from the Honorable Robert M. Levy, United States Magistrate Judge. No objections have been filed. Accordingly, the court has reviewed the Report and Recommendation for clear error on the face of the record. <u>See</u> Advisory Comm. Notes to Fed. R. Civ. P. 72(b); <u>accord</u> <u>Brissett v. Manhattan & Bronx Surface Transit Operating Auth.</u>, No. 09-CV-1930682 (CBA) (LB), 2011 WL 1930682, at *1 (E.D.N.Y. May 19, 2011). Having reviewed the record, I find no clear error in Judge Levy's recommendation that plaintiff's motion for a default judgment be granted, and that plaintiff receive a total of $3,386.99, representing $500 in statutory damages, $2,447 in attorney's fees, and $439.99 in costs. I hereby adopt the Report and Recommendation in its entirety as the opinion of the court pursuant to 28 U.S.C. § 636(b)(1). The Clerk of Court shall enter judgment accordingly.

      SO ORDERED.

                                                                 s/ ARR
                                                     Allyne R. Ross
                                                     United States District Judge

Dated:      June 17, 2013
              Brooklyn, New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
IRA HIRSCH,

                Plaintiff,                          REPORT AND
                                                         RECOMMENDATION

       -against-

                                                          12 CV 3454 (ARR)(RML)

ANI MANAGEMENT GROUP, INC.,

                Defendant.
----------------------------------------------------X
LEVY, United States Magistrate Judge:

        By order dated December 5, 2012, the Honorable Allyne R. Ross, Senior United States District Judge, referred plaintiff's motion for entry of a default judgment to me to conduct an inquest on damages and attorney's fees and issue a Report and Recommendation. I then directed plaintiff to serve and file a detailed written submission to support his claims for damages and attorney's fees on or before January 31, 2013 and defendant to serve and file opposing papers, if any, on or before February 21, 2013. (See Order, dated Jan. 4, 2013.) Plaintiff filed his submission in a timely manner. (See Affirmation of Jacob J. Scheiner, Esq. in Support of Request for Entry of Default, sworn to Jan. 30, 2013 ("Scheiner Aff.").) Defendant responded with an affidavit opposing plaintiff's request for attorney's fees. (See Affidavit in Opposition of Daniel Rivas, sworn to Feb. 21, 2013.) For the reasons stated below, I respectfully recommend that plaintiff's motion be granted and that plaintiff be awarded a total of $3,386.99.

## BACKGROUND AND FACTS

        Plaintiff Ira Hirsch ("plaintiff") commenced this action on July 12, 2012, alleging that defendant ANI Management Group, Inc. ("defendant") violated numerous provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (2011) (the "FDCPA"). (See Complaint,

dated July 11, 2012 ("Compl."), ¶¶ 9-10; see also Scheiner Aff. ¶¶ 7-9.) Plaintiff alleges that defendant began collection activities on an alleged consumer debt on an unknown date prior to May 2012. (See Compl. ¶ 8.) According to the complaint, defendant attempted to collect from plaintiff via two telephone messages left on or about May 1, 2012 and May 4, 2012 (the "telephone messages"). (Id. ¶ 9; see also Scheiner Aff., Ex. C.)

The complaint alleges that the telephone messages constituted "false, deceptive, or misleading representation and unfair debt collection practices" under the FDCPA. (Compl. ¶¶ 9-11.) Plaintiff claims that the telephone messages violated 15 U.S.C. § 1692e(11) (2011) because defendant failed to state that it was a debt collector, that it was attempting to collect a debt, and that any information obtained would be used for that purpose. (Id. ¶¶ 9-10; see also Scheiner Aff. ¶¶ 7-8.) Plaintiff seeks $1,000 in statutory damages, plus $3,624.50 in attorney's fees and $439.99 in costs. (Scheiner Aff. ¶¶ 14-16.)

## DISCUSSION

Plaintiff has demonstrated that defendant was properly served with the summons and complaint. (Affidavit of Service of Steve Avery, sworn to Aug. 29, 2012.) In addition, a Clerk's Certificate confirms that defendant has not filed an answer or otherwise moved with respect to the complaint. (Clerk's Certificate, dated Nov. 21, 2012.) I therefore respectfully recommend that plaintiff's motion for a default judgment be granted.

It is well settled that, upon default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. Gurung v. Malhotra, 851 F. Supp. 2d 583, 587 (S.D.N.Y. 2012) (citing Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993)). "While the default judgment constitutes an admission of liability, the quantum of damages

-2-

remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." LaBarbera v. Golden Vale Constr. Grp., No. 06 CV 813, 2007 WL 2071565, at *3 (E.D.N.Y. July 17, 2007).

### A. Damages

Plaintiff must establish the damages "in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." Greyhound Exhibitgroup, Inc., 973 F.2d, 155, 158 (2d Cir. 1992). See also Overcash v. United Abstract Grp., Inc., 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) ("[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought."). Federal Rule of Civil Procedure 55(b)(2) "leaves the decision of whether a hearing is necessary to the discretion of the district court." Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989); accord FED. R. CIV. P. 55(b)(2). In the present case, no hearing is necessary because the record establishes that there is a basis for awarding damages, and because defendant has not submitted any opposition to plaintiff's motion other than to the fees requested. See Fustok, 873 F.2d at 40.

Plaintiff seeks $1,000 in statutory damages for the alleged violations of the FDCPA. (Scheiner Aff. ¶¶ 13-14.) Plaintiff alleges violations of the FDCPA based on two telephone messages left on his answering machine on or about May 1, 2012 and May 4, 2012. (Scheiner Aff. ¶¶ 7-9.) "Communications" under the Act include telephone calls and messages left on a consumer's answering machine. Dona v. Midland Credit Mgmt., Inc., No. 10 CV 0825, 2011 WL 941204, at *1 (E.D.N.Y. Feb. 10, 2011), adopted by 2011 WL 939724 (E.D.N.Y. 2011). A single violation of the FDCPA is sufficient to establish liability. See Ellis v. Solomon

-3-

& Solomon, P.C., 591 F.3d 130, 133 (2d Cir. 2010); Mira v. Maximum Recovery Solutions, Inc., No. 11 CV 1009, 2012 WL 4511623, at *5 (E.D.N.Y. Aug. 31, 2012), adopted by 2012 WL 4581590 (E.D.N.Y. 2012). The court has discretion as to "whether to award statutory damages under the FDCPA and the size of the award." Savino v. Computer Credit, Inc., 164 F.3d 81, 86 (2d Cir. 1998) (citation omitted). To calculate an appropriate award of statutory damages, the court considers "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1) (2011). Regardless of the number of violations, the court may not impose more than $1,000 in statutory damages for each case. Dowling v. Kucker Kraus & Bruh, LLP., No. 99 CV 11958, 2005 WL 1337442, at *4 (S.D.N.Y. June 6, 2005); Teng v. Metro. Retail Recovery, Inc., 851 F. Supp. 61, 69 (E.D.N.Y. 1994).

"Awards of the statutory maximum are typically granted in cases where the defendants' violations are egregious." Cook v. First Revenue Assurance, L.L.C., No. 10 CV 5721, 2012 WL 272894, at *2 (E.D.N.Y. Jan. 9, 2012). However, a "$500.00 [statutory] award is appropriate where there is no repeated pattern of intentional abuse or where the violation was technical." Id. See also Savino, 164 F.3d at 86 (affirming award of $500 in statutory damages where defendant's violation was not intentional and concerned a single non-threatening letter); Dona, 2011 WL 941204, at *3 (awarding $500 in statutory damages where the violation consisted of one message left on plaintiff's answering machine that was not threatening or abusive); Nero v. Law Office of Sam Streeter, P.L.L.C., 655 F. Supp. 2d 200, 210 (E.D.N.Y. 2009) (awarding $500 in statutory damages where the communication contained no threatening language and plaintiff suffered no actual damages).

Here, plaintiff does not allege a pattern of noncompliance by defendant. In fact, defendant's sole communications with plaintiff were via two telephone messages. See Cook, 2012 WL 272894, at *2 (finding a repeated pattern of intentional abuse when collector made multiple collection calls daily for nearly six months). Plaintiff provided no evidence that the violations were intentional. Additionally, the voice messages were not threatening in tone or exceedingly repetitive. (Scheiner Aff., Ex. C.) Under the circumstances, I respectfully recommend an award of $500 in statutory damages.

B.  Attorney's Fees

Plaintiff also seeks $3,624.50 in attorney's fees. (See Affirmation of Jacob J. Scheiner, Esq. as to Attorney's Fees and Costs, sworn to Jan. 30, 2013 ("Scheiner Fee Aff."), ¶ 9.) The FDCPA provides for recovery of reasonable attorney's fees and costs by successful plaintiffs. See 15 U.S.C. § 1692k(a)(3) (2011); Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 95 (2d Cir. 2008) ("The FDCPA provides for fee-shifting as a matter of course to successful plaintiffs."). All applications for attorney's fees must be accompanied by contemporaneous time records indicating "the date, the hours expended, and the nature of the work done." N.Y. State Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983). Moreover, in calculating a "presumptively reasonable" fee award, the court must first establish a reasonable hourly rate, which is "what a reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183-84 (2d Cir. 2008). Reasonable hourly rates are determined by reference to, inter alia, fees in the community in which the action is pending and to the skill and experience of the attorney who worked on the matter. See Luciano v. Olsten Corp., 109 F.3d 111, 115-16 (2d Cir. 1997); Finkel

v. Rico Elec., Inc., No. 11 CV 4232, 2012 WL 6569779, at *13 (E.D.N.Y. Oct. 1, 2012), adopted by 2012 WL 6561270 (E.D.N.Y. 2012). The party seeking fees then bears the burden of establishing that the number of hours for which it seeks compensation is reasonable. See Cruz v. Local Union No. 3 of the IBEW, 34 F.3d 1148, 1160 (2d Cir. 1994) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

Here, plaintiff has filed contemporaneous attorney time records specifying the hours worked and tasks performed on each date. (See Scheiner Aff., Ex. 5.) The document lists three attorneys and one paralegal who worked on plaintiff's case. (Id.) Plaintiff has requested an hourly rate of $400 for partner Fredrick Schulman, who has thirty years of experience in the field, and $325 for associate Sam Ehrenfeld, who has over ten years of experience. (Scheiner Fee Aff. ¶¶ 5-6.) Courts in this district regularly award hourly rates ranging from $250 to $350 for experienced attorneys in FDCPA cases. Crapanzano v. Nations Recovery Ctr., Inc., No. 11 CV 1008, 2011 WL 2847448, at *2 (E.D.N.Y. June 29, 2011), adopted by 2011 WL 2837415 (E.D.N.Y. 2011) (finding $250 to be a reasonable hourly rate in an FDCPA case); Garland v. Cohen & Krassner, No. 08 CV 4626, 2011 WL 6010211, at *10 (E.D.N.Y. Nov. 29, 2011) (awarding $300 for a partner with twenty years of experience in an FDCPA case). I find Mr. Schulman's hourly rate of $400 excessive for this district and recommend that it be reduced to $350. Mr. Ehrenfeld's hourly rate of $325 is also excessive and should be reduced to $250. See Mira, 2012 WL 4511623, at *5 (reducing hourly rate for an attorney with ten years of experience to $225 in an FDCPA case); Aslam v. Malen & Assocs., P.C., 669 F. Supp. 2d 275, 277 (E.D.N.Y. 2009) (applying $250 hourly rate to an attorney with six years of experience in the field). Attorney Jacob Scheiner affirms that his hourly rate is $325, based on his "skills,

background and knowledge." (Scheiner Fee Aff. ¶¶ 3-4.) Mr. Scheiner has not provided information regarding his level of experience.[1] Accordingly, his hourly rate of $325 should be reduced to $150. See Garland, 2011 WL 6010211, at *11 (finding hourly rate of $150 reasonable for attorney with three years of experience in FDCPA case). Finally, paralegal David Levy had an hourly rate of $90, which is reasonable and in line with rates awarded in this district to paralegals. (See Scheiner Fee Aff. ¶ 7; Scheiner Aff., Ex. E.) See also Cook, 2012 WL 272894, at *3 (awarding $100 hourly rate for paralegal in FDCPA case).

With respect to the amount of time expended, 11.5 hours of work is in line with other FDCPA cases in which fees were awarded following the entry of a default judgment. See Ehrlich v. Royal Oak Fin. Servs., Inc., No. 12 CV 3551, 2012 WL 5438942, at *4 (E.D.N.Y. Nov. 7, 2012) (awarding fees reflecting 13.5 hours of work); Nero, 655 F. Supp. at 212 (awarding fees for 9.5 hours of work). As indicated in plaintiff's attorneys' time sheets, counsel prepared the summons and complaint, conducted legal research, and drafted the affidavits in support of the motion for default judgment, among other tasks. Accordingly, I respectfully recommend that plaintiff be awarded $2,447 in attorney's fees for 11.5 hours of work.

C.  Costs

Finally, plaintiff seeks costs in the total amount of $439.99, consisting of a $350 filing fee and $89.99 in service fees. (See Scheiner Aff., Ex. E.) Costs for filing fees, process servers, postage, and photocopying are routinely awarded. Tips Exps., Inc. v. Music Mahal, Inc., No. 01 CV 5412, 2007 WL 952036, at *11 (E.D.N.Y. Mar. 27, 2007). Plaintiff's request is

---

[1] The court ascertained information about Mr. Scheiner from the New York and New Jersey State's Attorney Directories. According to the directories, Mr. Scheiner was admitted to practice in New York in 2011 and in New Jersey in 2010.

reasonable and I respectfully recommend that plaintiff be awarded $439.99 in costs.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motion be granted and that plaintiff receive a total of $3,386.99, representing $500 in statutory damages, $2,447 in attorney's fees, and $439.99 in costs. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Ross and to my chambers, within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1) (2011); FED. R. CIV. P. 72, 6(a), (e).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
May 30, 2013

-8-